UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23722-ALTONAGA/DAMIAN

SARAH LOREDO,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendants.

_____/

**ORDER FOLLOWING DISCOVERY HEARING**

THIS CAUSE is before the Court on Plaintiff's Discovery Memorandum (the "Memorandum") [ECF No. 29] filed April 18, 2023. This matter was referred to the undersigned by the Honorable Cecilia M. Altonaga, Chief United States District Judge, pursuant to an Order of Referral of all pretrial discovery matters [ECF No. 13]. *See* 28 U.S.C. § 636(b)(1)(A).

THE COURT has reviewed the Memorandum and Defendant's Response thereto [ECF No. 31], the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. The Court also heard from the parties, through their counsel, at a Discovery Hearing held on April 25, 2023. At the Hearing, counsel indicated that the parties were able to resolve several of the issues raised in the Memorandum, but other disputes remained unresolved. The Court ruled on the outstanding issues at the April 25th Discovery Hearing.

For the reasons stated on the record, it is hereby

**ORDERED AND ADJUDGED** that the relief requested in the Memorandum [ECF No. 29] is **GRANTED IN PART AND DENIED IN PART.** By May 10, 2023, Defendants shall provide amended responses and information as detailed at the hearing as follows:

(1) As to Plaintiff's Interrogatories #7 and #8, Defendant shall state all incidents, claims, and complaints received by Defendant concerning the subject area in the subject vessel and in all areas of the same type (interior carpeted staircases) in the Fantasy class of ships for the three (3) years prior to the subject incident. For purposes of understanding the burdensomeness of producing additional information, Defendant shall inform Plaintiff whether any other ships in Carnival's fleet have the same staircases as those in the subject area (*i.e.*, interior carpeted staircases made with the same design and materials), and if so, approximately how many.

(2) As to Plaintiff's Interrogatory #15, Defendant shall identify the requested information regarding those incidents identified in response to Interrogatories #7 and #8 that led to or resulted in litigation.

(3) As to Plaintiff's Request for Production #4, Defendant shall produce the responsive information or provide a privilege log.

(4) As to Plaintiff's Request for Production #7, Defendant shall provide a revised response as discussed on the record at the hearing.

(5) As to Plaintiff's Request for Production #12, Defendant shall amend its response to indicate that no relevant documents exist.

(6) As to Plaintiff's Request for Production #17, Defendant shall provide meeting minutes for all meetings that discuss the subject area on the subject vessel for the three (3) years prior to the subject incident.

(7)     As to Plaintiff's Request for Production #27, Defendant's privilege and work product objections regarding passenger injury statements are overruled. Defendant shall only produce passenger injury statements for incidents in the subject area during the preceding three (3) years.

(8)     As to Plaintiff's Request for Production #28, Defendant shall produce responsive documents as discussed during the hearing pertaining only to areas substantially similar to the subject area on vessels in the Fantasy line class of ships during the preceding three (3) years.

(9)     As to Plaintiff's Request for Production #29, Defendant shall produce the "Red-Dot/Blue-Dot" involving incidents and complaints concerning the subject area on the subject vessel and in all areas of the same type (interior carpeted staircases) in the Fantasy line class of ships for the three (3) years prior to the subject incident.

(10)    As to Plaintiff's Request for Production #42, Defendant shall produce all portions of the personnel file for all crewmembers responsible for inspecting, monitoring, supervising, maintaining, and repairing the subject area, which pertains to evaluations, training, and reprimands as it pertains to the job duties for inspecting, monitoring, supervising, maintaining, repairing, and otherwise pertaining to the subject area.

(11)    As to Plaintiff's Requests for Production #57, #58, #62, and #63, Defendant shall amend its responses and produce documents consistent with the Court's rulings regarding the foregoing, including indicating whether responsive documents are accessible for production.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 1st day of May, 2023.

                                       MELISSA DAMIAN
                                       UNITED STATES MAGISTRATE JUDGE

Copies to:    Hon. Cecilia M. Altonaga, *Chief United States District Judge*,
                Counsel of Record